Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6155 | **DATE** | 10/29/2001 |
| **CASE TITLE** | MOHAMMAD MANSOORI vs. CHRISTOPHER SHAW | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion for summary judgment is denied. Status hearing set for 11/8/01 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 01 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 55 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 01 OCT 30 PM 2:05 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOHAMMAD MANSOORI, )
)
Plaintiff, )
)
v. ) No. 99 C 6155
) Paul E. Plunkett, Senior Judge
CHRISTOPHER SHAW, )
)
Defendant. )

DOCKETED
NOV 0 1 2001

## MEMORANDUM OPINION AND ORDER

Mohammad Mansoori has sued Christopher Shaw for his alleged violations of Mansoori's Eighth Amendment rights. Shaw has filed a Federal Rule of Civil Procedure ("Rule") 56(c) motion for summary judgment. For the reasons set forth below, the motion is denied.

### Facts

On the morning of April 14, 1998, plaintiff was being moved from the Metropolitan Correctional Center ("MCC") to the federal courthouse for trial. (Pl.'s LR 56.1(b)(3)(A) Stmt. ¶ 1.) He was restrained with a leg chain, a belly chain and handcuffs and was carrying a box of legal papers. (Id. ¶ 2.) While waiting for a door to be opened at MCC, plaintiff sat down on the floor. (Id. ¶ 3.) Plaintiff could not stand up without assistance, so he asked defendant for help. (Id. ¶ 4.)

-1-

At that point, plaintiff says, defendant grabbed him by his jumpsuit, flung him against the wall and punched him repeatedly in the chest and neck. (Id. ¶¶ 4-5.) Afterwards, defendant again grabbed plaintiff by his jumpsuit, and pushed him and his box of legal papers into an elevator. (Id. ¶ 6.)

Despite the attack, plaintiff proceeded to the federal courthouse with the other prisoners. (Id. ¶ 7.) When he was on the elevator at the courthouse, plaintiff moaned, grabbed his chest and began to hyperventilate. (Id. ¶ 8.) Paramedics were called and plaintiff was taken to the hospital. (Id.)

When he arrived at the hospital, plaintiff complained of chest and neck pain and told the attending physician that he had been hit several times in both places. (Def.'s LR 56.1(a)(3) Stmt., Ex. 4, 4/14/98 medical record.) The doctor ordered an EKG and a chest x-ray, neither of which revealed any injury. (Pl.'s LR 56.1(b)(3)(A) Stmt. ¶ 11.) Ultimately, the doctor diagnosed a chest wall injury. (Def.'s LR 56.1(a)(3) Stmt., Ex. 4, 4/14/98 medical record.) Plaintiff was released with a prescription for Motrin, returned to the courthouse and testified at his trial. (Id. ¶ 12.)

Later that day, when plaintiff returned to the MCC, he saw Physician's Assistant Albert Iskander and Lieutenant Eric Hill. (Id. ¶ 13.) Iskander observed no bruises or abrasions on plaintiff, but noted that he had "neck area tenderness and slight swelling, left chest, abdomen & left upper back tenderness." (Def.'s LR 56.1(a)(3) Stmt., Ex. 2, Office of Internal Affairs Investigative Report, Ex. 5, Inmate Injury Assessment & Follow-Up.) Plaintiff says the pain and swelling caused by the beating "were present for a long time." (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 29.)

### The Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. Michas v. Health Cost Controls of Illinois, Inc., 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. Id.

## Discussion

As a preliminary matter, we must determine the appropriate standard to apply to plaintiff's constitutional claim. Pretrial detainees, who have yet to be convicted of any crime, are protected by the Fourteenth Amendment from government action that amounts to punishment. Wilson v. Williams, 83 F.3d 870, 875 (7th Cir. 1996). Once convicted, however, a prisoner's claims of excessive force are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. Id. Though plaintiff styles his claim as one for violation of the Eighth Amendment, (Second Am. Compl. ¶ 9), the undisputed facts in the record indicate that he was a pretrial detainee at the time of the alleged assault. (See Pl.'s LR 56.1(b)(3)(A) Stmt. ¶¶ 1 (admitting that plaintiff was being moved from the MCC to the courthouse for trial), 12 (admitting that he testified at his own criminal trial on the day of the alleged assault).) Given those facts, and the absence of evidence to suggest that plaintiff was already serving time for another offense when the alleged assault occurred, we will apply the Fourteenth Amendment standard to his claim.

To prevail on his Fourteenth Amendment claim, plaintiff must show that defendant "behaved in an unreasonable way in light of the facts and circumstances confronting [him]" and that he acted

-3-

with an intent to punish plaintiff or with reckless disregard for plaintiff's rights. Wilson, 83 F.3d at 875. Viewed favorably to plaintiff, as it must be, the record supports the inference that defendant did both. Plaintiff says that Shaw beat him without any cause or provocation while plaintiff was restrained by a leg chain, a belly chain and handcuffs. (Pl.'s LR 56.1(b)(3)(A) Stmt. ¶¶ 2, 4-5.) Following the beating, plaintiff was taken to the hospital where he complained of neck and chest pain and was diagnosed with a chest wall injury. (Def.'s LR 56.1(a)(3) Stmt., Ex. 4, 4/14/98 medical record.) Though plaintiff's stay at the hospital was brief, he says that the "pain and swelling [he] experienced after being [attacked] by defendant were present for a long time." (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 29.) Those facts are sufficient to support the inference that Shaw's actions were both unreasonable and taken with reckless disregard for plaintiff's rights.

Despite these facts, Shaw claims that the dearth of objective evidence of physical injury dooms plaintiff's claim. Absent evidence of physical injury, Shaw contends, there is no basis for concluding that the force he used was excessive. Shaw is half right. To defeat this motion, plaintiff must produce, among other things, some evidence to suggest that the alleged attack injured him physically. He is not, however, required to produce "objective" evidence, that is, evidence from witnesses other than himself, to prove that point. Though Shaw discounts it, plaintiff's testimony about the pain he experienced after the alleged beating and his complaints of pain to the emergency room doctor constitute evidence of physical injury. Moreover, even if plaintiff were required to have objective evidence of injury, the record of plaintiff's emergency room visit would supply it. That record, which Shaw conveniently ignores, says that the emergency room doctor diagnosed plaintiff

with a chest wall injury. Thus, contrary to Shaw's claim, the record does contain objective evidence that plaintiff suffered a physical injury at Shaw's hands.[1]

Even if plaintiff suffered some injury, Shaw argues that it is too slight to suggest that he used an unconstitutionally excessive amount of force. Once again, the Court disagrees. Our court of appeals has said that an Eighth Amendment excessive force claim "ordinarily cannot be predicated on a *de minimus* use of physical force." DeWalt v. Carter, 224 F.3d 607, 620 (7th Cir. 1999). Thus, it affirmed the dismissal of a claim that was based on a single shove that caused no serious injury. Id. Even if the *de minimus* rule applies equally to excessive force claims brought under the Fourteenth Amendment, it would not bar this suit. Plaintiff's claim, unlike that in DeWalt, is not based on a single shove. It is based on an allegedly unprovoked beating of a defenseless prisoner that resulted in a chest wall injury and prolonged pain. In short, viewed favorably to plaintiff, the record does not support Shaw's contention that the amount of force he used on plaintiff is too slight to support a Fourteenth Amendment claim against him.[2]

---

[1] Because plaintiff has produced evidence that suggests Shaw physically injured him, the Prison Litigation Reform Act, which prohibits prisoners from suing for emotional injury "without a prior showing of physical injury," does not bar this suit. See 42 U.S.C. § 1997e(e).

[2] Even if plaintiff was a prisoner, rather than a pretrial detainee, at the time of the events underlying this suit, the result of this motion would be the same. Force is excessive, under the Eighth Amendment, if it is applied "maliciously and sadistically" rather than in "a good-faith effort to maintain or restore discipline." Wilson, 83 F.3d at 877. Viewed favorably to him, the record shows that Shaw attacked plaintiff, who was restrained hand and foot, without any cause or provocation. That evidence is sufficient to raise a genuine issue for trial on whether Shaw violated plaintiff's Eighth Amendment rights.

## Conclusion

For the reasons set forth above, defendant's motion for summary judgment is denied.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 10/29/01