# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6155 | **DATE** | 6/27/2002 |
| **CASE TITLE** | Mohammad Mansoori vs. Christopher Shaw | | |

**MOTION:**  [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons stated in the attached Memorandum Opinion and Order, defendant's motion to reconsider its order denying his motion for summary judgment [68-1] is denied. Jury trial remains set to begin on 8/26/02 at 10:00 a.m. Final pretrial order to be submitted on 8/5/02 at 10:00 a.m. Final pretrial conference set for 8/19/02 at 1:30 p.m. Parties are to contact the courtroom deputy, 312/435-6051, if there is interest in a settlement conference. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | **Document Number** |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 2 8 2002 | |
| | Notified counsel by telephone. | | date docketed | 70 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/27/2002 | |
| KF | courtroom deputy's initials | 02 JUN 27 AM 11:44 | date mailed notice | |
| | | date/time received in central Clerk's Office | KF mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED

JUN 2 8 2002

| | | |
|---|---|---|
| MOHAMMAD MANSOORI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  99 C 6155 |
| vs. | ) | |
| | ) | Magistrate Michael T. Mason |
| CHRISTOPHER SHAW, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Defendant Christopher Shaw filed this Motion to Reconsider pursuant to Federal Rule of Civil Procedure 60(b).

On November 1, 2001, the District Court denied Shaw's motion for summary judgment with regard to plaintiff Mohammed Mansoori's claim that while in custody as a pretrial detainee, Shaw subjected him to excessive force in violation of his Eighth Amendment rights.  The Court held that Shaw was not entitled to judgment as a matter of law because Mansoori presented evidence that Shaw's actions were unreasonable and in reckless disregard for Mansoori's rights.  Further, the court held that the record contained objective evidence that Mansoori suffered a physical injury at Shaw's hands, and thus the Prison Litigation Reform Act ("PLRA") 42 U.S.C § 1997e(e) did not bar the suit.

On March 29, 2002, Shaw filed a timely Rule 60(b) motion to reconsider the District Court's denial of his motion for summary judgment.  For the following reasons, the motion for reconsideration is denied.

The facts in this case were set forth in the light most favorable to the plaintiff in the decision of the District Court in *Mansoori v. Shaw*, 2001 WL 1356138 (N.D.III.). For this reason, we will only briefly restate the relevant facts without making any determination as to their truthfulness.

On the morning of April 14, 1998, plaintiff was being moved by defendant and other deputy marshals from the Metropolitan Correctional Center ("MCC") to the federal courthouse for trial. He was restrained with a leg chain, a belly chain and handcuffs. Plaintiff sat down on the floor and could not stand up without assistance, so he asked defendant for help. At that time, defendant allegedly grabbed plaintiff by his jumpsuit, flung him against the wall and punched him repeatedly in the chest and neck. After the beating, defendant allegedly grabbed plaintiff by his jumpsuit, and pushed him into the elevator of the MCC. When plaintiff reached the elevator at the courthouse, he moaned, grabbed his chest and began to hyperventilate. Deputy marshals called paramedics and a nurse, and plaintiff was taken to the hospital.

Once he arrived at the hospital, plaintiff complained of dizziness, shortness of breath, left chest and neck pain, and trunk pain. Plaintiff told the attending physician that he had been hit several times in those places. The doctor ordered an EKG and a chest x-ray, which failed to reveal any injury; nevertheless the doctor diagnosed a chest wall injury. Shortly thereafter, plaintiff was released from the hospital, and returned to the court to stand trial. When plaintiff returned to the MCC, he was seen by a physician's assistant, Albert Iskander, who observed no bruises or abrasions on plaintiff, but noted that plaintiff had tenderness and slight swelling in the neck area, and tenderness in the left chest, abdomen & left upper back. Plaintiff alleged that the pain

2

and swelling caused by the beating lasted for a long time.

Rule 60(b) Standard for Reconsideration

Rule 60(b) authorizes a court to grant relief from final judgment or order for the

following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). It is settled law that Rule 60(b) relief is "an extraordinary remedy

and is granted only in exceptional circumstances." *Mares v. Busby*, 34 F.3d 533, 535

(7th Cir. 1994) (quoting *Dickerson v. Board of Educ.*, 32 F.3d 1114 (7th Cir. 1994));

*Harold Washington Party v. Cook County, Illinois Democratic Party*, 984 F.2d 875, 879

(7th Cir. 1993). Rule 60(b) motions must be "shaped to the specific grounds for

modification or reversal listed . . . they cannot be general pleas for relief." *U.S. v.*

*Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). A motion for reconsideration brought

under Rule 60(b) is not at the disposal of parties who want to "rehash" old arguments.

*Arenson v. Whitehall Convalescent and Nursing Home, Inc.*, 161 F.R.D. 355, 357

(N.D.Ill. 1995) (citing *In re Oil Spill by Amoco Cadiz*, 794 F.Supp. 261, 267 (N.D.Ill.

1992)).

District court judges should not be burdened with "agonizing" over whether a

motion asserts grounds for relief included in Rule 60(b), because it is the movant's task

to make its Rule 60(b) contentions clear. *Deutsch*, 981 F.2d at 301. In this light, we find that defendant Shaw failed to make his 60(b) arguments clear. His brief did not state any Rule 60(b) contentions with specificity and in a clear and straightforward manner as required by law. Defendant devoted one paragraph containing a total of three sentences to the law and reasoning behind his claims for Rule 60(b) relief. (Def. Br. At ¶ 11).

Although this Court is under no duty to manufacture a Rule 60(b) argument for the defendant, we do have a duty to examine the briefs to see if, even indirectly, any 60(b) contentions were made. In his brief, Shaw did not claim, argue or even mention, either directly or indirectly, that there was "mistake, inadvertence, surprise, or excusable neglect" by the district court in denying his motion for summary judgment. Similarly, Shaw did not state or argue in any way that there was any "newly discovered" evidence that could not have been discovered at the time of the original litigation that may have shown that the judgment was erroneous. *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). Further, Shaw did not mention that the judgment might have been obtained by fraud, misrepresentation, or other misconduct of the adverse party. Similarly, Shaw does not argue that the judgment was void in any way, or for any reason. Finally, Shaw has not argued that the judgment has been satisfied, released, or discharged, or that a prior judgment upon which the decision was based has been reversed or vacated, or it is no longer equitable. Therefore, Shaw does not claim the right to reconsideration under Rule 60(b)(1), 60(b)(2), 60(b)(3), 60(b)(4), and 60(b)(5).

Shaw is left with Rule 60(b)'s "catchall" provision as a means for obtaining relief. The residual "catchall" provision allows the court to reconsider the judgment "for any

4

reason justifying relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) relief is appropriate only "if the grounds asserted for relief do not fit under any other subsections of Rule 60(b)." *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986). However, relief under 60(b)(6) is warranted only "upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles*, 798 F.2d at 1073. As discussed above, Shaw's contentions do not fit under any of the first five subsections of Rule 60(b). Thus, the question is whether he has an argument under Rule 60(b)(6).

We do not believe that there were any "extraordinary circumstances" that made the district court's judgment unfair. The defendant's only argument is that the district court incorrectly interpreted section 1997e(e) of the PLRA when it allowed subjective complaints of tenderness and soreness to satisfy the physical requirement of the section, and that this interpretation in effect nullified the physical injury requirement. [1] (Def. Br. at ¶ 11 ). We assume that the defendant attempts to make this argument pursuant to 60(b)(6) because in the parenthetical citation in the preceding sentence in his brief, he cites Rule 60(b)(6)'s "extraordinary circumstances" and "unjust" justifications for use found in *Margoles'.* (Def. Br. At ¶ 11). Shaw's argument amounts to no more than a generalized statement that the court "got it wrong" and should therefore reconsider. *Fidelity Mutual Life Ins. Co. v. Chicago Title and Trust Co.*, 1994 WL 571903, *2 (N.D.Ill. 1994). See also, *Zakutansky v. Bionetics Corp.*, WL 390898, *1

---

[1] Specifically, defendant stated only that "the district court's interpretation of section 1997e(e), allowing subjective complaints of tenderness and soreness to satisfy the physical requirement of section1997e(e), has the effect of nullifying the physical injury requirement of section 1997e(e) and should not stand." (Def. Br. At ¶ 11).

(N.D.Ill. 1992). Such an argument is not proper under the law, and it fails to persuade the Court. Since Rule 60 (b) relief was designed to provide relief from judgement "in exceptional circumstances" necessitating an "extraordinary remedy" see *Cincinnati Ins. Co. v. Flanders Elec. Motor Service, Inc.*, 131 F.3d 625, 628 (7th Cir. 1997), and we find that no exceptional circumstance calling or an extraordinary remedy is present, the Motion for Reconsideration is denied.

Since we have found that reconsideration under Rule 60(b) is not proper, we need not reach defendant's 1997e(e) arguments. However, to further illustrate that the decision of the District Court was correct, we will briefly discuss 42 U.S.C. section 1997e(e).

The Prison Litigation Reform Act: 42 U.S.C. section 1997e(e)

The Prison Litigation Reform Act states that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). It is settled law that a prior physical injury is required for a prisoner to recover damages for emotional and mental injury. See *Zehner v. Trigg*, 133 F.3d 459 (7th Cir. 1997) (holding that since the plaintiffs were not claiming physical injuries they could not recover damages for emotional injury under 1997e(e)).

Defendant's sole argument is: "can a prisoner... who solely seeks emotional distress damages rely on ... subjective and unverifiable claims of tenderness and soreness to satisfy the physical injury requirement of section 1997e(e), or must he produce objective and verifiable evidence of physical injury." (Def. Br. At ¶ 7). The defendant cited four cases from other courts in support of his argument, two of them

6

holding that the injury requirement of section 1997e(e) was not met because the injury suffered by the prisoner was *de minimus,* and two of them holding that the requirement was met. [2] The cases cited by the defendant are distinguishable because plaintiff's injuries are more than *de minimus,* and are in fact verifiable by objective, as well as subjective, evidence. In this case, the plaintiff's injuries appeared to be significant enough for the emergency workers to take the plaintiff to the hospital to be treated.

Addtionally, we agree with the plaintiff's argument that the PLRA does not require objective evidence of physical injury. The Supreme Court has stated that in order to survive summary judgement, the plaintiff must show some injury, and that no "serious injury is required." *Hudson v. McMillan,* 503 U.S. 1, 6-8 (1992). The reasonable inference from a complaint of pain is that some physical injury caused it. *Gordon v. Sheahan,* 1997 WL 136699, *4 (N.D.Ill.). The jury as the fact finder determines if the alleged action by the defendant caused and correlates to the injury of the plaintiff. Id. (Stating that the plaintiff adequately alleged an injury under § 1997e(e) because a jury could find as a matter of common knowledge that sleeping on a hard cold floor can cause back pain).

This court has determined that a single gratuitous punch in the stomach is of sufficient gravity to place the issue before a jury. *Burton v. Kuchel,* 865 F.Supp. 456,

---

[2] Defendant cites *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997) (stating that prisoner whose ear was sore and bruised after a guard twisted it, did not make prior showing of injury because *de minimus*); *Warren v. Westchester County Jail,* 106 F.Supp.2d 559 (S.D.N.Y. 2000) ( prisoner with scratches on cheek and cut inside o mouth caused from fight with guard, did not make prior showing of physical injury because *de minimus*); *Sealock v. State of Colorado,* 218 F.3d 1205 (10th Cir. 2000) (stating that prisoner who was very pale, sweating, and vomiting while complaining of chest pains did make prior showing of physical injury); *Wolfe v. Horn,* 130 F.Supp.2d 648 (E.D. Penn. 2001) (pre-operative transsexual prisoner who was deprived of hormones and who suffered vomiting, cramps, reduced breast size, and hair loss did make showing of physical injury).

7

463 (N.D.Ill. 1994). The plaintiff in this case has affirmatively pleaded that the defendant punched him several times. At this stage in the proceedings, the plaintiff has presented enough of a claim of physical injury to let the jury decide the case. However, even if objective evidence is required under the PLRA, plaintiff did have verifiable objective injuries, as noted by the doctor's diagnosis of "chest wall injury," and the physician's assistant's diagnosis of tenderness and swelling. Finally, the only possibility for the suit to be dismissed in its entirety under section 1997e(e) would be if the plaintiff only claimed emotional injury, and no other type of injury. *Robinson v. Page*, 170 F.3d 747, 749 (7th Cir. 1999). However, as noted above, this is not the situation in the instant case. Therefore, even assuming that the Rule 60(b) Motion for Reconsideration was proper, the motion would have been denied because the plaintiff alleged a sufficient physical injury for the purposes of section 1997e(e).

## CONCLUSION

For the reasons stated above, the defendant's Motion for Reconsideration is DENIED.

It is so ordered.

ENTER:

**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated:    June 27, 2002**